## Pullman's Palace Car Company *versus* Commonwealth [No. 2].

1. Under the Acts of Assembly of Pennsylvania imposing state tax on capital stock of corporations doing business in this state, Pullman's Palace Car Company, a foreign corporation, is liable to taxation on the proportion of its capital stock invested in Pennsylvania, as represented by the cars used by it within the state, whether such cars be owned or leased by said company. The fact that said cars are continuously run into, through and out of this state, and are also operated in other states, does not exempt the company from taxation here; it but reduces the valuation upon which the company is taxable.

2. Such construction of said Acts of Assembly does not render the same obnoxious to the provision of the Federal Constitution regulating interstate commerce.

June 6th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county:* Of May Term, 1883, No. 35.

This case was, in the court below, an appeal by Pullman's Palace Car Company from a settlement of account by the Auditor General and State Treasurer charging the said corporation with tax on its capital stock for the years 1870 to 1880 inclusive, under the provisions of the Acts of May 1st, 1868, April 24th, 1874, sec. 4, March 20th, 1877, and June 7th, 1879. The account was based upon the estimated rate of dividends in each year, and upon the estimated proportion of capital stock taxable for Pennsylvania, and included interest and penalties for failure to report.

The defendant filed specifications of objection, and the case was tried, by agreement, under the Act of April 22d, 1874, without a jury, before SIMONTON, P. J., whose findings of fact and conclusions of law were as follows:

The defendant is a corporation of the State of Illinois, having its principal office in Chicago. Its business was, during all the time for which tax is charged, to furnish sleeping coaches, and parlor and dining-room cars to the various railroad companies with which it contracted, on the following terms: The defendant furnished the coaches and cars, and the railroad companies attached and made them part of their trains, no charge being made by either party against the other. The railroad companies collected the usual fare from passengers who travelled in their coaches and cars, and the defendant collected a separate charge for the use of the seats, sleeping berths, and other conveniences. Business has been carried on continuously by the defendant in this way in Pennsylvania

[Palace Car Co. *v.* Commonwealth.]

since February 17th, 1870, and it has had about one hundred coaches and cars engaged in this way in the state during that time.

About the time defendant began operations in this state, a corporation thereof, called the Central Transportation Company, was engaged in a like business here, and had contracts with many of the railroad companies in the state to furnish and run sleeping and parlor cars on the terms stated above.

Defendant found it for its interest to purchase said contracts from said company, and lease its cars for a period of ninety-nine years, at an annual rental, covenanting to keep the cars in repair, and return them, or others in their place in as good order as when received, at the end of that period. These cars, or most of them, as well as some of the other cars belonging to the defendant, have ever since been running in, into, through, and out of the state.

The following additional facts were found by the court:

1. That defendant transacted no business in Pennsylvania except upon the roads and in the cars covered by its lease with the Central Transportation Company.

2. That defendant leased one hundred and nineteen cars from the Central Transportation Company, and that said cars were more than sufficient for the transaction of all the business done by it within the State of Pennsylvania, no more than one hundred cars being used in said state in any year.

3. That the cars used in the State of Pennsylvania were also used in other states; their use in Pennsylvania being confined to passengers to or from points in other states.

4. That the rental paid to the Central Transportation Company for the use of its cars exceeded the gross receipts of defendant from all its business within the State of Pennsylvania.

5. That the Central Transportation Company is a corporation of the State of Pennsylvania, and has paid to the state the full tax upon its entire capital stock for each of the years embraced in this suit.

On the facts defendant claims that no part of its capital stock is invested in this state. The argument is that its cars are personal property, and as they are not permanently located in this state, but pass into, through, and out of it, this personal property has no taxable *situs* in Pennsylvania, and could not be taxed specifically in any given locality, and therefore it is contended, as the tax on capital stock is a tax on the property in which that capital is invested, the latter cannot be taxed.

It has certainly been settled by Commonwealth *v.* Standard

[Palace Car Co. *v.* Commonwealth.]

Oil Company, 5 Out. 119, that "a tax upon the capital stock of a company is a tax upon its property and assets."

But it has never yet, so far as we know, been decided that the capital stock of a company and its property and assets are identical, or that any given part of the former represents any specific articles of the latter. It would be carrying the principle to a dangerous extreme so to decide. We hold, therefore, that the proportion of the capital stock of the defendant invested and used in Pennsylvania is taxable under these Acts, and that the amount of the tax may be properly ascertained by taking as a basis the proportion which the number of miles operated by defendant in this state bears to the whole number of miles operated by it, without regard to the question where any particular car or cars were used. Nor is it, in our opinion, of any consequence that some of the cars were leased for ninety-nine years from another company on the conditions stated in the finding of facts above.

We need not even stop to determine the precise nature. of the property which defendant has in them. Whatever it be, it is an asset of the company, and is, therefore, represented by, and helps to give value to, its capital stock. It cannot change the case that the lessor company pays tax on its capital stock; that represents its interest, if any, in these cars. The questions involved need no further elaboration; we, therefore, briefly state the conclusions of law which we think are involved in the case:

1. The defendant is liable to tax on the proportion of its capital stock invested in this state, as represented by the coaches and cars owned and used by it here.

2. The fact that some of said coaches and cars have been leased from the Central Transportation Company for ninety-nine years does not affect such liability.

3. The laws under which said taxes are imposed and said liability accrues are not in conflict with the eighth section of article one of the Constitution of the United States.

4. Said company is not chargeable with penalty for failure to report, and with interest only from sixty days after the date of the settlement.

Determining the amount of the tax on the principle above stated, it is as follows:

| | |
|---|---:|
| Tax for the years 1870 to 1880, inclusive, . . | $16,321 89 |
| Interest from May 1, 1881, to May 10, 1883, . | 3,971 65 |
| Attorney General's commission, . . . | 816 09 |
| Total, . . . . . . . | $21,109 63 |

For which amount let judgment be entered unless exceptions be filed according to law.

The defendant excepted to the foregoing conclusions of law, (other than the fourth), and filed the following additional exceptions:

9. The court erred in not finding as a conclusion of law that Pullman's Palace Car Company is not liable for taxation upon its own capital stock, by reason of the cars leased from the Central Transportation Company.

10. The court erred in not finding as a conclusion of law that the defendant, being a corporation of the State of Illinois, is not taxable upon any proportion of its capital stock, by reason of its permitting its cars to be transported into, out of, or through this state, so long as they do not obtain a *situs* here.

11. The court erred in directing judgment to be entered in favor of the Commonwealth for $21,109.63.

12. The court erred in not directing judgment to be entered in favor of defendant.

The court overruled the above exceptions, and judgment was duly entered for the Commonwealth in accordance with the above decision. The defendant took this writ of error, assigning for error the dismissing of said exceptions, and the judgment.

*M. E. Olmsted* and *O. A. Lochrane*, for plaintiff in error.— The claim in this case is controlled by the decision in Com'th *v.* Standard Oil Co., 5 Out. 119, that a tax upon capital stock is a tax upon property and assets within the state. But the Pullman Car Company had no capital invested in Pennsylvania, aside from the inference sought to be drawn from its contract with the Central Transportation Company, a Pennsylvania corporation. For the convenience of the travelling public, by avoiding repeated changes of cars upon connecting lines and over long routes of railroad, and to avoid inconvenience incident to the maintenance of this business under two different managements, it was found expedient, in 1870, to enter into an agreement whereby Pullman's Palace Car Company became the lessee of the one hundred and nineteen cars of the Central Transportation Company, and undertook to perform the contracts of the latter company with the various railroads in Pennsylvania and elsewhere. By that contract the *ownership* of the cars remained in the Central Transportation Company, and that company has paid tax to the state on its entire capital stock, *i. e.* on its entire property, which includes tax on these cars. To tax these cars again in the name of the Pullman company is double taxation not contemplated by the Act of Assembly. The court found as a fact that no portion of the dividends of the Pullman company

accrued from the operation of these cars in Pennsylvania, for the rental paid to the Central Company exceeded the gross receipts derived from the use of these cars in Pennsylvania.

But even if the Pullman company owned the cars it would not be subject to taxation in respect thereof, in Pennsylvania; the Pullman company is a foreign corporation, and its cars are only temporarily in Pennsylvania while in transit to or from points in other states; the cars have no situs here, and while being transported into, through and out of the state they are protected from taxation by the commercial clause of the Federal Constitution: State Tax on Foreign-held Bonds, 15 Wall. 319; Morgan *v.* Parham, 16 Wall. 471; St. Louis *v.* Ferry Co., 11 Wall. 423; Delaware Railroad Tax Case, 18 Wall. 229; Hays *v.* Pacific Mail S.S. Co. 17 How. 596; Com'th *v.* Standard Oil Co., 5 Out. 119; Appeal Tax Court of Baltimore Co. *v.* Pullman's Palace Car Co., 50 Md. 452.

*Lewis C. Cassidy,* attorney general, and *Robert Snodgrass,* deputy attorney general, for the commonwealth.

The opinion of the court was delivered October 6th, 1884.

PER CURIAM. We think it very clear that the plaintiff in error is engaged in carrying on such a business within this Commonwealth, as to subject it to the statutes imposing taxation. While a tax on the capital stock of a company is a tax on its property and assets, yet the capital stock of a company, and its property and assets are not identical. The coaches of the company are its property. They are operated within this state. They are daily passing from one end of the state to the other. They are used in performing the functions for which the corporation was created. The fact that they also are operated in other states cannot wholly exempt them from taxation here. It reduces the value of the property in this state justly subject to taxation here. This was recognized in the court below and we think the proportion was fixed according to a just and equitable rule.

Judgment affirmed.