## COMMONWEALTH v. DEL., L. & W. R. Co.

APPEAL BY COMMONWEALTH FROM THE COURT OF COMMON
PLEAS OF DAUPHIN COUNTY.

Argued June 3, 1891—Decided June 12, 1891.

1. The capital stock of a domestic railroad corporation, represented by
its equipment in use interchangeably on its lines within and without
the state, is taxable, under § 4, act of June 7, 1879, P. L. 114, and § 21,
act of June 1, 1889, P. L. 429, in the proportion its mileage operated in
this state bears to its entire mileage : Pullman's Palace-Car Co. v. Com-
monwealth, 107 Pa. 156.
2. But the capital of such company, invested in real estate and other rail-
roads outside the state, and in vessels, barges and tugs, built, registered
and used wholly outside the state, is not subject to such taxation ; the
said property being already taxable in the states where it exists and is
used : Commonwealth v. Dredging Co., 122 Pa. 386, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 49 May Term 1891, Sup. Ct.; court below, No. 248 Jan-
uary Term 1891, C. P.

On November 11, 1890, from an account stated by the auditor
general and state treasurer against the Delaware, Lackawanna
& Western Railroad Co., for tax on capital stock, under § 4,
act of June 7, 1879, P. L. 114, and § 21, act of June 1, 1889. P.
L. 429, for the year ending the first Monday of November, 1889,
the company filed an appeal and specifications of objections.

On May 9, 1890, the cause having been heard on submission
to the court, without a jury, under the act of April 22, 1874,
P. L. 109, the court, SIMONTON, P. J., filed the following de-
cision :

FINDINGS OF FACT.

1. This is an appeal from a settlement made by the auditor
general and state treasurer, on the tenth day of September,
1890, against the defendant, for tax on capital stock for the
year ending the first Monday of November, 1889, based upon a
report made by defendant's secretary and treasurer as required

### Decision of Court below.

by law.   In said settlement, defendant is charged with tax upon the whole amount of its capital stock of $26,200,000, amounting to $91,700.   Defendant has paid $76,700 of said tax, and has appealed from the remainder of said tax on the ground that it is levied upon property outside of the taxing jurisdiction of the state of Pennsylvania, and that, therefore, the state has no right to tax said property, and that the settlement is therefore invalid and unconstitutional.

2.  We find the facts with reference to the situation and location of the property of defendant represented by its capital stock to be as follows :

The  general  office  of  the  company  is  at  No.  26,  Exchange Place, in the city and state of New York.   Its capital stock is $26,200,000, and during the year ending as aforesaid there were declared and paid upon said capital stock four dividends, of 1¾ per centum each, upon the twentieth day of January, July, April and October, respectively, making a total of 7 per centum for the year.

The main line of railroad owned by said company in Pennsylvania extends from the Pennsylvania and New York state line near Great Bend village to the centre of a railroad bridge across the Delaware river near Delaware station, originally constructed jointly by the Delaware, Lackawanna & Western Railroad Co. and the Warren Railroad Co., a corporation of New Jersey.   The  said  main line of railroad in Pennsylvania is 114.61 miles in length.   In addition thereto the company owns branch railroads in Pennsylvania as follows :

Lackawanna  &  Bloomsburg  branch from  Scranton to Northumberland, 80 miles.

Winton branch, from Nay Aug to Winton, 7.50 miles.

Keyser Valley branch, from junction with main line to Keyser valley, 6.43 miles.

Storr's branch, from Storr's Junction to Storr's mine, 2.80 miles.

The defendant also operates and has therein such interest as was conveyed by the agreement, a copy of which is hereunto annexed and marked exhibit A and made part of this finding, a railroad known as the Warren railroad, extending from the centre of the railroad bridge across the Delaware river, hereinbefore mentioned, to a point known as the Junction, in the state of New Jersey, the said road being 18.80 miles in length,

Decision of Court below.

all in the state of New Jersey. The Warren Railroad Co., from which the said Warren railroad was acquired, never owned any equipment, but the said road has been at all times, and still is, operated with equipment furnished by the Delaware, Lackawanna & Western Railroad Company. It is operated as part of the main line of the Delaware, Lackawanna & Western railroad.

In addition to the railroads above mentioned, the Delaware, Lackawanna & Western Railroad Company does now, and did in 1889, operate under lease for various terms of years the following railroads :

[Here followed a list of railroad lines, long and short, the greater number lying outside the state.]

The total miles of railroad owned, leased or controlled and operated by the Delaware, Lackawanna & Western Railroad Co., is 891.41 of which 217.15 miles are in Pennsylvania, and 673.66 in New York and New Jersey. The total equipment owned by the Delaware, Lackawanna & Western Railroad Co., was inventoried December 31, 1889, at $8,134,823. This equipment was used upon the entire system interchangeably with the equipment of such of the leased and controlled roads mentioned as possessed their own equipment ; that is to say, the leased equipment of roads in other states was used in Pennsylvania, and that owned by the Delaware, Lackawanna & Western Railroad Co. was used in other states. It is difficult to determine precisely what should be considered the equipment of the roads in Pennsylvania, and what the equipment of roads outside of Pennsylvania. But we believe it would be fair to divide the aforesaid valuation of equipment owned by the company as follows, viz.:

Value of equipment for operation of roads in Pennsylvania, $5,075,342.

Valuation of equipment owned by Delaware, Lackawanna & Western Railroad Co., for use of its roads outside of Pennsylvania, $3,059,481.

The Delaware, Lackawanna & Western Railroad Company owns real estate outside of Pennsylvania located and valued as follows, viz.:

| | |
|---|---|
| Binghamton, New York, | $23,905 52 |
| Buffalo, New York, | 304,790 28 |

Decision of Court below.

New York city, . . . . . . 201,418 48
Rochester, New York, . . . . 23,185 03
Chicago, Illinois, . . . . . 51,740 60
Staten Island, New York, . . . . 1,609 35
Utica, New York, . . . . . 50,388 05
Ore lands in New Jersey, . . . 40,120 11
Syracuse, New York, . . . . 20,083 86

It also owns vessels, barges and tugs, built, registered and used wholly outside of Pennsylvania of the value of $156,526.17.

3. The road owned by the Delaware, Lackawanna & Western Railroad Co., in Pennsylvania, was built primarily for the purpose of transporting to markets outside of the state the products of anthracite coal lands in said state; and the principal business of the railroads owned or leased and operated by said company in Pennsylvania, does now, and did, in the year 1889, consist chiefly of the transportation of freight and passengers by continuous carriage upon a single way-bill or ticket from points in Pennsylvania to points in other states, or from points in other states to points in Pennsylvania, or from points in another state passing through Pennsylvania to points in other states. The transportation upon said roads in Pennsylvania of freight and passengers local to Pennsylvania, that is to say, between points both of which are within said state, did not, in the year 1889, exceed say nineteen per centum of the entire transportation business conducted upon said roads.

The ownership, interest or estate of the Delaware, Lackawanna & Western Railroad Co. in the Warren Railroad Co. is and was in the year 1889, of a fair cash value of not less than $1,000,000. In this estimate we do not include the equipment of the Warren railroad which is owned by the Delaware, Lackawanna & Western Railroad Company.

An analysis of the facts shows that of the total miles of railroad owned, leased or controlled and operated by defendant in the states of Pennsylvania, New Jersey and New York, amounting to 2891.41 miles, there are in Pennsylvania 217.75 miles, and outside of Pennsylvania 673.66 miles; and that defendant owns the equipment of 147.31 miles of the roads outside of Pennsylvania, the remaining 526.35 miles of road being equipped by the several corporations from which the defendant has leased said roads, or which are controlled by it by reason of its ownership of stock therein.

Decision of Court below.

As it does not appear from the evidence or findings of fact that the defendant has any of its property represented by its capital stock invested in these 526.35 miles of road, we think they cannot be included in any computation of the proportion of the capital stock not taxable by the state of Pennsylvania. After excluding these, we have a proportion of 217.75 miles in Pennsylvania and 147.31 miles outside of Pennsylvania, upon which the equipment is owned by the defendant and is used interchangeably. The total value of equipment owned by defendant we have found to be $8,134,823, and therefore the portion of defendant's capital stock represented by this sum is taxable only in the proportion thus indicated. It is true that the findings of fact show that the equipment owned by the other roads, leased or controlled by defendant, is used interchangeably upon the roads of said companies and defendant's own road in Pennsylvania, but we think this furnishes no ground for including the mileage of said roads in the apportionment; for, if this were done, we must necessarily, also, have the value of their equipment, which is not given, and it is fair to assume that if their equipment was not used in Pennsylvania there would be a correspondingly larger proportion of the equipment owned by defendant in this state.

The findings of fact show that the value of the leasehold interest held by defendant in the Warren railroad is one million dollars. This excludes the idea that any larger proportion of capital stock of defendant is represented by said leasehold interest, or is invested in said road; and therefore, the only exemption which can be conferred upon defendant's capital stock is the exemption of one million dollars of its capital stock. In arriving at these proportions, we assume the value of the assets to be the same as the par of the capital stock, the tax being levied on the basis of the amount of dividend declared, and not upon the appraisement.

The legal questions here involved are practically the same as some of those which were considered in the case of the Commonwealth v. Pennsylvania Co., June Term 1889, of Dauphin County Common Pleas; and for the reasons there given, which we need not here repeat, we think that the amount of the capital stock of defendant, represented by the value of its equipment, should be apportioned for taxation according to the

Decision of Court below.

proportions 217.75 miles taxable and 147.31 miles not taxable, and that the amount of its capital which represents the value of its interest in the lease of the Warren railroad, as well as the amount which represents its investments in real estate outside of the state of Pennsylvania, and the amount which represents its investments in vessels, barges and tugs, built, registered and used wholly outside of Pennsylvania, are exempt from taxation by the state of Pennsylvania.

We embody these results in the following

### CONCLUSIONS OF LAW.

1. Defendant is not liable to taxation by the state of Pennsylvania on so much of its capital stock as is represented by the value of its leasehold interest in the Warren railroad ; and the settlement hereby appealed from, so far as it taxes said investment is erroneous and illegal.[1]

2. Defendant is liable to taxation by the state of Pennsylvania only on $\frac{174.31}{365.06}$ parts of the whole amount of its capital stock invested in equipment, this being the proportion which the number of miles operated and equipped by it in Pennsylvania, bears to the whole number of miles operated and equipped by it; and the settlement appealed from, so far as it taxes any greater amount of capital so invested, is erroneous and illegal.[2]

3. Defendant is not liable to taxation by the state of Pennsylvania on so much of its capital stock as is represented by the value of the real estate owned by it outside of Pennsylvania; and the settlement appealed from, so far as it taxes said amount, is erroneous and illegal.

4. Defendant is not liable to taxation by the state of Pennsylvania on so much of its capital stock as is represented by the value of the vessels, barges and tugs owned by it, which were built and are registered and used wholly outside of the state of Pennsylvania ; and the settlement appealed from, so far as it taxes said investment is erroneous and illegal.

5. Defendant having paid to the treasurer of the state of Pennsylvania, the whole amount of tax legally due on the settlement appealed from, judgment is directed to be entered in favor of the defendant, if exceptions be not filed within the time limited by law.

—To the foregoing decision, both parties filed exceptions. Said exceptions being argued, one of them, filed by the commonwealth, was sustained by the following additional finding :

Arguments.

The company defendant is a domestic corporation, having been chartered by the act of March 11, 1853, P. L. 163, which act, together with the acts therein referred to and the supplements thereto, is made a part of this finding of fact.

—The other exceptions being overruled, and judgment entered in accordance with the decision filed, the commonwealth took this appeal, specifying that the court erred :

1, 2. In the first and second conclusions of law.[1][2]

3. In not holding that the whole of defendant's capital stock, invested in equipment, was taxable in Pennsylvania.

4. In not holding that the whole of defendant's capital stock, invested in leasehold interests, was taxable in Pennsylvania.

5, 6. In directing judgment to be entered in favor of the defendant, and in not directing judgment to be entered in favor of the plaintiff for the amount claimed.

*Mr. W. U. Hensel*, Attorney General, and *Mr. Jas. A. Stranahan*, Deputy Attorney General, for the Commonwealth.

Counsel cited, generally : Commonwealth v. Standard Oil Co., 101 Pa. 119; Pennsylvania v. Trenton Bridge Co., 9 Am. L. Reg., N. S., 298 ; Commonwealth v. Railroad Co., 29 Pa. 370; Commonwealth v. Railroad Co., 2 Pears. 391; Pittsb. etc. Ry. Co. v. Commonwealth, 66 Pa. 73 ; Pennsylvania Co. v. Commonwealth, 22 W. N. 340 ; Pullman's Pal.-Car Co. v. Commonwealth, 107 Pa. 156. As to the taxation of the equipment of a domestic corporation : Commonwealth v. Dredging Co., 122 Pa. 386 ; Pacific R. Co. v. Cass Co., 53 Mo. 17 ; Orange R. Co. v. Alexandria, 17 Gratt. 176 ; Hays v. Steamship Co., 17 How. 596 ; St. Louis v. Wiggins Ferry Co., 11 Wall. 423 ; Sangamon etc. R. Co. v. Morgan Co., 14 Ill. 163 (56 Am. Dec. 497) ; Welkey v. Pekin City, 19 Ill. 160 ; Ontario Bank v. Bunwell, 10 Wend. 187 ; Burroughs on Taxation, 186 ; Cooley on Taxation, 273 ; Balt. & O. R. Co. v. Allen, 17 Am. & Eng. R. Cas. 464. As to its leasehold interests: State v. Railroad Co., (44 Conn. ?) 7 Am. & Eng. R. Cas. 238 ; Archer v. Railroad Co., 102 Ill. 493 (7 Am. & Eng. R. Cas. 249.)

*Mr. M. E. Olmsted*, for the appellee.

Distinguishing Commonwealth v. Dredging Co., 122 Pa. 386, counsel cited : Pullman's Pal.-Car Co. v. Commonwealth, 107

Opinion of the Court.

Pa. 156 ; Pullman's Pal.-Car Co. v. Twombley, 29 Fed. R. 658. As to defendant's interest in the Warren railroad: Commonwealth v. Standard Oil Co., 101 Pa. 119 ; Commonwealth v. Dredging Co., 122 Pa. 386 ; Caldwell v. Fulton, 31 Pa. 475 ; Delaware etc. Co. v. Sanderson, 109 Pa. 583 ; Cincinnati College v. Yeatman, 30 Ohio St. 276.

PER CURIAM :

We are unable to see that the ruling of the court below is in conflict with Commonwealth v. Standard Oil Co., 101 Pa. 119. That company is a foreign corporation, and it was held that it was not the intention of our taxing acts to tax the whole capital stock of such corporations doing business within this commonwealth, irrespective of the place of its investment, but to tax the property of such company, that is to say, its capital stock, to the extent that it brings such property within the state in the transaction of its business. This is the only equitable rule which will secure to the commonwealth its fair proportion of tax, and yet enable such corporations to carry on their legitimate business. For, if a corporation having its situs in one state, and transacting business in every other state of this country, can be taxed in each state to the full amount of its capital stock, the result is confiscation.

The defendant here is a domestic corporation, and it was contended that its capital invested in equipment, used interchangeably on its main line in this state and its leased lines in other states, is not exempt from taxation in this state. The court below held otherwise, and from this decision the commonwealth has appealed.

It is true that the situs of a domestic corporation is in this state, and that for many purposes the domicile of the person, whether natural or artificial, draws to it the personal property belonging to such owner. That this is so as to such intangible property as is not the subject of taxation elsewhere, such as money at interest, may be conceded ; but for the purposes of taxation tangible personal property has a situs wherever it may be found. Hence it was held in Pullman's Palace-Car Co. v. Commonwealth, 107 Pa. 156, the said company being a foreign corporation, that the proportion of the capital stock of the company, invested and used in Pennsylvania, is taxable

here, and that the amount of the tax may be properly ascertained by taking as a basis the proportion which the number of miles operated by the company in this state bears to the whole number of miles operated by it, without regard to the question where any particular car or cars are used; this court saying in its opinion: "They (the cars) are operated within this state. They are daily passing from one state to the other. They are used in performing the functions for which the corporation was created. The fact that they were also used and operated in other states, cannot wholly exempt them from taxation here." This case has recently been affirmed by the Supreme Court of the United States, although the report of the case has not yet reached us.* On the other hand, we held in Commonwealth v. Dredging Co., 122 Pa. 386, that the dredges which were the subjects of the controversy were taxable at the situs of the company, for the reason that, although wholly used outside of the commonwealth, they did not remain in any one place long enough to render them liable to taxation there, this court saying in its opinion: "From the nature of the business, it is in one place to-day and in another to-morrow, and hence not taxable in the jurisdiction where temporarily employed. It follows that, if not taxable here, it escapes altogether."

It may be that in the case of a domestic corporation the commonwealth would have the power to tax its entire capital stock, no matter where found or how invested, and notwithstanding that the whole or the greater portion of its stock was invested in tangible property, located and used in other states and liable to taxation by the laws of those states. But the commonwealth is not a bandit with a pistol at the throat of every property owner. On the contrary, she imposes no greater burdens than the necessities of the state require; and she endeavors, at least, to impose those burdens in as equitable a manner as the wisdom of the legislature and the difficulties of the subject admit.

We do not think it was error for the learned court below to hold that the defendant was not liable to taxation by this state on its interest in the Warren railroad. That road is wholly outside of the state; and, whatever the defendant's interest

---

* Pulman's Pal.-Car Co. v. Pennsylvania, 141 U. S. 18.

therein may be, it is liable to taxation by the state of New Jersey. We think it comes within the principles above indicated.

Judgment affirmed.