## Commonwealth v. Pennsylvania Coal Company.

*Taxation—Capital stock of corporation—Coal on hand.*

The value of coal which a Pennsylvania mining corporation has on hand in other states, and which it had shipped to such other states for the purpose of sale, and not to serve any permanent corporate purpose, cannot be deducted in determining the value of the capital stock of such corporation for the purpose of taxation.

*Taxation—Capital stock—Mortgages on foreign property.*

Unpaid purchase money due to a Pennsylvania corporation for land situated in another state, and sold by the corporation, is to be considered in ascertaining the value of the capital stock of the corporation for the purpose of taxation, although the corporation has taken a mortgage on the property to secure the purchase money.

Argued May 28, 1900. Appeal, No. 16, May T., 1900, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1899, No. 109½, on appeal from tax settlement, in case of Commonwealth v. Pennsylvania Coal Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Appeal from tax settlement.
The facts appear from the opinion of the Supreme Court.

*Error assigned* was in overruling exceptions to the opinion and judgment of the court on appeal from tax settlement.

*M. E. Olmsted*, with him *A. C. Stamm*, for appellant.—Coal sent by appellant to New Jersey, New York, Wisconsin and Canada, and there stored awaiting sale, became part of the general mass of the property of said state and subject to taxation there: Brown v. Houston, 114 U. S. 622.

Within the very language therefore of this court in Com. v. American Dredging Co., 122 Pa. 386, and Com. v. Del., L. & W. R. R. Co., 145 Pa. 96, the coal in question being taxable in the jurisdiction where located, is exempt at the domicil of the owner: McCulloch v. State of Maryland, 4 Wheaton, 316; Com. v. Standard Oil Co., 101 Pa. 119; Com. v. Montgomery Lead & Zinc Mining Co., 5 Pa. C. C. R. 89.

Appellant's money was not invested in mortgages, but in real estate. It practically retains its title to that real estate until the purchase money mortgages are paid. These purchase money mortgages are clearly taxable in New York, within the ruling of the Supreme Court of the United States in Savings & Loan Society v. Multnomah Co., 169 U. S. 421.

Appellant's interest in this real estate being taxable in New York, is not taxable in Pennsylvania: Com. v. Del., L. & W. R. R. Co., 145 Pa. 96.

*John P. Elkin*, attorney general, with him *Frederic W. Fleitz*, deputy attorney general, for appellee.—The defendant company has parted with its title to the real estate. The title has passed out of the Pennsylvania Coal Company and belongs to other persons or corporations. The defendant company holds, in place of the title, a security for the debt in the shape of a mortgage. As a matter of fact, the defendant company will have no further interest in the title to the real estate which has been disposed of. It is fair to presume that the mortgages will be paid when due, and that the proceeds will be recovered into the business of the company, and hence, will be an element that will enter into the value of its capital stock. The mortgage is the only thing the company has to indicate its interest in the real estate, the title to which has passed to third parties. The purchase money is, therefore, taxable: McKeen v. County of Northampton, 49

Pa. 525; Short's Est., 16 Pa. 63; Williams v. Banks, 19 Md. 22; Baltimore v. Patterson, 50 Md. 371; People v. Eastman, 25 Cal. 603.

It is true the courts have held that tangible property, permanently located outside the state for the use or benefit of the corporation, is exempt from taxation, but in no instance have the courts gone so far as to allow deductions for the property of a corporation that is in transit to the place of its destination: Com. v. American Dredging Co., 122 Pa. 386; Com. v. Montgomery Lead & Zinc Mining Co., 5 Pa. C. C. R. 89.

The Supreme Court of New Jersey, in the case of State v. Engle, 34 N. J. L. Rep. 425, held that a company owning coal lands in Pennsylvania, which sent coal, mined on their land, by railroad to Elizabethport, where it was deposited on the wharf for separation and assortment for the purpose of being shipped in vessels to purchasers in New York and New England, was not subject to taxation for the coal so held in the state of New Jersey.

To the same effect is the case of Lehigh & Wilkes-Barre Coal Co. v. Carrigan, 39 N. J. L. Rep. 35.

OPINION BY MR. JUSTICE BROWN, January 7, 1901:

The capital stock of the Pennsylvania Coal Company was appraised at $17,000,000 for the purpose of taxation. From this sum certain deductions were allowed by the commonwealth, leaving the taxable value of the stock at $15,840,000, and from this still further deductions or exemptions are claimed by the appellant. Capital stock tax is a property tax, but the property of the corporation, for the purpose of taxation, is reached through the tax imposed directly upon the stock, the value of which is ascertained, in the first instance, as directed by the act of assembly. When the actual value of the capital stock is so ascertained, deductions or exemptions are necessarily allowed, from time to time, by the commonwealth in determining the real sum upon which the tax ought to be assessed against the corporation; and the questions raised on this appeal are, whether the mortgages on property outside the state, and the coal shipped to foreign points, should be taxed, or deductions allowed on their account.

The two claims for exemption pressed by the appellant are

for $418,208.79, the value of coal which it had on hand in New York, New Jersey, Illinois, Wisconsin, Minnesota and Canada, and $450,000, unpaid purchase moneys for properties which it had sold in New York and New Jersey, secured by mortgages to that amount. The coal had been shipped to the several states and country named for the purpose of sale. It was, it is true, of a tangible character, but, as the property of the coal company, it was neither to be permanently located where received nor intended permanently to serve any corporate purpose of its owner. It was an asset of the company for immediate sale, and not for use, temporary or permanent. The ownership in it to-day was, that it might be sold to-morrow. If it had been tangible property of the corporation, employed in its corporate business, the deduction claimed ought to be allowed: (Commonwealth v. Pennsylvania Coal Company, 41 Leg. Int. 125, the judgment in which case we affirmed) ; but it was not so employed, and what was said in Commonwealth v. American Dredging Company, 122 Pa. 386, of the dredges, tugboats and scows belonging to a domestic corporation, but which had been built outside of the state, and had never been within it, applies with more force to this item of coal, and is conclusive of the commonwealth's contention that no deduction ought to be made for it. " It must be conceded that the property in question must be liable to taxation in some jurisdiction. If it were permanently located in another state, it would be liable to taxation there. But the facts show that it is not permanently located out of the state. From the nature of the business, it is in one place to-day and in another to-morrow, and, hence, not taxable in the jurisdiction where temporarily employed. It follows that if not taxable here, it escapes altogether." The question here is simply one of a proper valuation by this state of the capital stock of the appellant for the purpose of taxation, and is not controlled by Brown v. Houston, 114 U. S. 622, where other questions than that before us now were raised under the contention as to the right of the state of Louisiana to tax, by its general laws, coal mined in Pennsylvania (upon which the tax had been paid here) and shipped to New Orleans, to be sold on .account of the owners in Pennsylvania.

The mortgages held by the appellant for the unpaid purchase moneys for properties sold by it in New York and New Jersey,

are to be treated in this proceeding as ordinary mortgages securing money loaned. They themselves do not go to make up the assets of the corporation in determining what value shall be placed upon its capital stock, but the money which they were given to secure, and which it had, or will have, the right to collect, imparts the value. They represent, and are but security for, the debts or obligations held by the corporation, which are personal property and intangible things, having as their situs the domicil of the owner, and therein taxable: Commonwealth v. American Dredging Company, supra, and Commonwealth v. Del. L. & W. R. R. Co., 145 Pa. 96. Besides, by the very words of the acts of June 1, 1889, and June 8, 1891,—"all moneys loaned or invested in other states, territories, the District of Columbia, or foreign countries"—they are taxable here. As well might deduction be allowed for actual cash in the treasury of this company as for these mortgages representing money, which, sooner or later, will get into the treasury. The views of the learned court below having been correct on the questions involved, the judgment is affirmed.