# Louer *versus* Hummel.

1. A justice of the peace has jurisdiction, by virtue of the Act of 1810 and of 22d March, 1814, of an action by the assignee of a ground-rent against the assignee of the ground who is in possession; and therefore in an action of covenant in such a case brought in the Common Pleas, where the recovery was for an amount below $100, no affidavit having been filed, under the 26th section of the Act of 1810, that the debt due or damages sustained exceed $100, it was *Held*, that the plaintiff was not entitled to recover *costs*.

2. The 6th section of the Act of 22d March, 1814, is supplementary to the Act of 1810, and the two sections are to be regarded as if incorporated in one Act.

3. Disputing the title of the landlord means the setting up of an incompatible and paramount title to defeat it; but requiring proof that the relation

[Louer v. Hummel.]

has been changed by proper assignments, is but requiring proof of the necessary allegations of the declaration, and such dispute does not oust the justice's jurisdiction and he must inquire into it.

4. The Act of 25th April, 1850, relative to actions of *covenant* in any court of record for the recovery of ground-rent, was designed to give an action of *covenant* for rent reserved by deed which had *not* been sealed *by the defendant.* Per LOWRIE, J. (See Maule *v.* Weaver, 7 *Barr* 329.)

ERROR to the Common Pleas of *Dauphin county*.

This was an action of *covenant* by Mary Hummel *v.* Sampson Louer, to recover arrears of ground-rent on certain lots in Hummelstown, Dauphin county. Their liability to ground-rent was decided in the case of Heckerman *v.* Hummel, 7 *Harris* 64. The action was not founded on contract, but on privity of estate; the plaintiff in the action being the assignee of the rent, and the defendant the assignee of the ground. It was said that the suit was brought under the provisions of the 8th section of the Act of 25th April, 1850 (*Acts* 571), by which it is provided: "That in all actions now pending, or hereafter to be brought *in any Court of record* in this Commonwealth, to enforce the payment of ground-rent due and owing upon any lands or tenements, held by virtue of any lease for life, or a term of years or in fee, the lessor, his heirs and assigns, shall have a full and complete remedy therefor by action of covenant against the lessee or lessees, his, her, or their heirs, executors, administrators, or assigns, whether the said premises out of which the rent issues be held by deed-poll or otherwise."

The plea was *nil debet*. The plaintiff showed title to the ground-rent and that the defendant claimed and occupied the lots. The title was not contested. November 24, 1852, verdict was rendered for $13.66 damages. A motion was made that judgment be entered *without costs*.

As to actions for recovery of ground-rent see Irish *v.* Johnston, 1 *Jones* 488–9; 2 *Harris* 112; *Id.* 157; 2 *Harris* 108, 112; *Id.* 157; 3 *Harris* 195.

By the *first* section of the Act of 20th March, 1810, it is provided that justices of the peace shall have jurisdiction of all causes of action arising from contract either express or implied, in all cases where the sum demanded is not above $100; *except in cases of real contract where the title to lands or tenements may come in question;* or action upon promise of marriage."

By the 20th section it was provided that the power of justices shall extend to all cases of rent, not exceeding $100, so far as to compel the landlord to defalcate or set off the just account of the tenant out of the same," &c. By the 26th section it is provided,

[*Louer v.* Hummel.]

in effect, that if any person sue in the Common Pleas for a debt or demand made cognisable by this Act, without having filed an affidavit of his belief that the debt or damages sustained exceed $100, and shall obtain a judgment which without costs shall not exceed $100, he shall not recover costs.

By the 6th section of the Act 22d March, 1814, it was provided that justices of the peace and aldermen "shall have original jurisdiction of all cases of *rent, not exceeding $100, to be recovered as debts of similar amount are recoverable.*"

PEARSON, J., was of opinion that the plaintiff was entitled to full costs, and discharged the rule.

Error was assigned to the refusal to enter judgment *without costs.*

*McCormick*, for plaintiff in error.—The *sixth* section of the Act of 1814, extending the jurisdiction of justices to cases of rent, directs the mode in which such rents are recoverable, viz.; "as debts of similar amount are recoverable." Debts of similar amount might be recovered in the Common Pleas; but according to the Act of 1810, such recovery is to be *without costs.* If these words do not extend the provisions of the Act of 1810, in reference to costs, to cases of *rent*, they are without meaning.

The previous portion of the 6th section gives the jurisdiction expressly; and it was contended that the words "to be recovered as debts of similar amount are recoverable," were intended to place claims for rent not exceeding $100, on the same footing, in all respects, as other debts of the like amount: 7 *Watts* 491, McConahy *v.* Courtney. If a justice could have entertained a suit for arrears of rent claimed in this action, as for "a debt of similar amount," it follows, that the plaintiff is not entitled to recover costs, when he sues in the Common Pleas without affidavit being made.

*Fisher*, contrà.—By the word *contract*, to which the jurisdiction of justices is limited by the first section of the Act of 1810, was meant those contracts which arise out of a course of dealing between the parties: 13 *Ser. & R.* 102; 2 *Pa. Rep.* 292–5, Zell *v.* Arnold. It was contended that this action was not founded on a *contract*, but on privity of estate: that the ground-rent was secured by "a real contract where the title to land may come in question," and that a justice of the peace had not jurisdiction of it.

It has been decided in Royer *v.* Ake, 3 *Pa. Rep.* 461, that a justice has jurisdiction in covenant on a ground-rent deed of an action against the assignee of the grantee; but it was said that it was not decided that the Common Pleas have *not also* jurisdiction in cases

[Louer v. Hümmel.]

below $100: 6 *Ser. & R.* 88. Its jurisdiction is not to be taken away by conjecture.

But the 8th section of the Act of 25th April, 1850, is sufficiently comprehensive to embrace all cases of ground-rent, whatever may be the amount in controversy; and it was contended that this Act did not give to justices of the peace jurisdiction of an action of covenant to enforce the payment of ground-rent, for the reason that judicial tribunals are distinguished into courts of *general* jurisdiction, and of *limited* jurisdiction; and that justices belong to the latter class. Nothing is presumed to be within their jurisdiction unless it appear: 2 *Bac. Abr.* 102; 2 *Pa. Black.* 389; 8 *Ser. & R.* 343; 13 *Id.* 44.

*Rawn*, in reply.—He cited Camp v. Walker, 5 *Watts* 482.

The opinion of the Court was delivered, September 6, by

LOWRIE, J.—This is an action by the assignee of a ground-rent against the assignee of the ground, and, the amount claimed and recovered being less than $100, the question is raised, whether a justice of the peace has jurisdiction. If he has not, the plaintiff was right in bringing the suit in the Common Pleas, and may recover costs. If otherwise, he may not. We say he may not, because the $100 Act of 1810, s. 26, says so, and the Act of 1814, s. 6, is really a mere supplement to that Act, referring directly to its title, when it declares that all rents under a hundred dollars shall be "recovered as debts of similar amount are recoverable." The two Acts are therefore on the same general subject, and are to be regarded as if the first were incorporated with the second.

Now it has been decided that the Act of 1814 includes ground-rents as well as rents for a term of years, even where the ground has been assigned and the claim is against the assignee: 3 *Pa. R.* 461. And this decision really includes the present case; for it requires no more investigation into land titles and no more judicial skill, to decide upon the legal or equitable ownership of the land, sometimes disputed because the rent exceeds the true value, 14 *State Rep.* 108, than it does to decide upon the title to the rent.

In this case both are assignees, and it is certain that the titles of both may come in question. What titles? That of one to the rent, and that of the other to the land. It is true therefore that the title of real estate may come in question; but not more so than in any action of rent, when the lease or any of its legal or equitable assignments are disputed. One may not get possession as a tenant, and then, to get clear of a tenant's duties, set up that the

[Louer *v.* Hummel.]

landlord had no tenancy to grant. But he may deny that he is tenant or that the plaintiff is landlord, if he is willing to venture upon that. He may deny that the assignee of the rent has any valid title as assignee; and this is not disputing the title under which he holds. It is not at all different from a rent for years, where the land has been sold subject to the rent. Disputing the title of the landlord means the setting up of an incompatible and paramount title to defeat it. But requiring proof that the relation has been changed by proper assignments, is requiring proof of the necessary allegations of the declaration. Such dispute does not oust the justice's jurisdiction, and he must inquire into it. In this the inquiry is substantially the same as when suit is brought by the assignee of a bond or the endorsee of a note. And when appeals are allowed on such easy terms, we see no use in being jealous of the jurisdiction of justices. It is a most valuable jurisdiction for both plaintiffs and defendants, and not one out of a hundred of such cases is likely to be appealed from.

The Act of 25th April, 1850, sec. 8, *Pl.* 575, was designed to give the action of covenant for rent reserved by a deed-poll, and seems to have been suggested by the case of Maule *v.* Weaver, 7 *State Rep.* 329. Where both parties seal a ground-rent deed, a covenant running with the land is created; and now, if not before the Act, it is the same in the case of a deed-poll.

Judgment reversed so far as it allows costs to the plaintiff below, and affirmed as to the residue.

The dissenting opinion of KNOX, J., was filed, in which BLACK, C. J., concurred.