## Hirst's Estate.    Hirst's Appeal.

*Person under disability—Validity of acts of.*

Whatever a person under disability may be compelled to do, he or his representative may with like effect do voluntarily.

*Redemption of ground rent owned by person non compos mentis.*

Where a redeemable ground rent owned by a person non compos mentis is paid off, the proceeds become personalty, and at his death pass to his next of kin without distinction of blood.

Argued Jan. 26, 1892. Appeal, No. 95, Jan T., 1892, by Anthony A. Hirst et al., from decree of O. C. Phila. Co., Oct. T., 1881, No. 557, dismissing exceptions to the adjudication of the account of Adele H. Barger, trustee of Stephen C. Hirst. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trustee's account filed for adjudication.

From the adjudication filed by HANNA, P. J., the following facts appeared:

Stephen C. Hirst, the cestui que trust, died November 12, 1890. The trust arose under the will of William L. Hirst, deceased. On October 16, 1875, William L. Hirst and wife sold and conveyed a certain lot of ground and premises on Chestnut street, east of Sixteenth street, to George W. Edwards and Joseph M. Patterson, reserving thereout to him, his

heirs and assigns, the yearly rent or sum of $3,900 in quarterly
payments, with the usual covenant that he and his heirs at any
time upon payment of the sum of $65,000 and arrears of rent
would extinguish the said rent.

Wm. L. Hirst died August 30, 1876, leaving a last will and
testament, by which he devised and bequeathed to his wife all
the residue of his estate, in trust to apply the net income as
follows: One third part to herself during widowhood, and two
third parts to be divided into as many shares as the number of
his children surviving him, the share of his son Stephen to be
paid to Thomas J. Barger, to be paid and applied by him for
Stephen in his discretion.

He gave his wife an absolute power of sale of all his real
estate, except 528 Walnut street and 211 South Sixth street,
and at the expiration of seven years from his death he author-
ized his wife to make partition of all his real estate to and
among his children, etc., "the share of Stephen to be allotted
in trust to Thomas J. Barger, as aforesaid." Mrs. Adele H.
Barger was afterwards appointed by this court trustee of said
Stephen C. Hirst.

The widow of testator, by virtue of the power vested in her
by his will, by deed of declaration, dated July 2, 1884, exer-
cised said power and made partition, whereby she allotted to
said Adele H. Barger, as trustee for Stephen C. Hirst, one un-
divided tenth part of the said ground rent as tenant in com-
mon.

On March 30, 1889, Adele H. Barger, trustee, filed a petition
in the orphans' court praying for an order and decree "author-
izing her as trustee, as aforesaid, to join with the other parties
and persons in interest in granting and extinguishing the said
ground rent unto the said Anthony A. Hirst, his heirs and as-
signs, forever, and that such extinguishment shall be indefea-
sible by any person having a present or expectant interest in the
premises."

The court granted the petition, and Mrs. Barger joined in
the deed of extinguishment of the ground rent.

The auditing judge held that the proceeds of the ground rent
were personalty, and should be distributed to the brothers and
sisters of the half blood without distinction of blood.

Exceptions to the adjudication were dismissed by the court, PENROSE, J., filing the following opinion:

" The covenant of the testator bound his heirs and devisees, who could have been compelled to extinguish the ground rent reserved by his deed of October 16, 1875, and the money paid to them in the proceeding to enforce performance of the contract would, unquestionably, have thereafter been transmissible as money, even though some of the owners may have been minors or lunatics.

" It is a maxim of the law that whatever a person under disability may be compelled to do, he, or his representative, may, with like effect, do voluntarily (Co. Litt., 35, *a*; 171, *a*; 171, *b*; 172, *a*) ; hence, in the present case, as the conversion of the ground rent, regarding it as real estate belonging in part to one *non compos mentis*, did not take place under any act of assembly which, so far as such person was concerned, preserved to the proceeds the character of the original estate, his share, no less than the shares of the other owners, became personalty, and at his death passed to his next of kin without distinction of blood. The effect is precisely as if the sale had taken place under a judgment for the debt, or upon the contract of the testator.

" It is true that there was a petition by his trustee for leave to join in the deed of extinguishment, and it is argued that the act of 1853 expressly provides that sales made under it of the estate of a lunatic shall not affect the question of future descent; but manifestly the petition could not have been under that act, since it prohibits action by the court unless notice has been given to all persons having a present or prospective interest. There was no notice either to the cestui que trust or to his committee; and the decree must be regarded simply as an approval of the voluntary joinder of the trustee in the conveyance, thus saving the cestui que trust from the expense and trouble of a bill for specific performance. If the cestui que trust was insane, no title would pass under the act of 1853 without notice to a committee ; if he was not insane, his share of the proceeds was, of course, personal estate.

" If, under the will of the father, the estate of the cestui que trust was for life only (and the creation of a trust with regard to it affords indication of intention to give nothing more than

this), very clearly at its termination the distribution of that share would be to all of the children of the testator, and not merely to those of the whole blood of the tenant for life.

" The exceptions are dismissed and the adjudication confirmed absolutely."

*Errors assigned* were the dismissal of the exceptions.

*John G. Johnson*, *A. A. Hirst* with him, for appellants.

*Henry S. Cattell*, for appellees.

PER CURIAM, February 1, 1892.

This decree is affirmed upon the opinion of the learned judge of the court below, and the appeal dismissed at the costs of the appellants.