## John White's Estate.   Martha White's Appeal.

*Partition—Redeemable ground rent.*

Redeemable ground rents must be treated as realty for the purpose of distribution, and therefore they are subjects of partition.

Argued March 11, 1895.   Appeal, No. 75, July Term, 1894, by Martha White, from decree of O. C. Franklin County, awarding partition in estate of John White, deceased.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition for partition of redeemable ground rents.

Martha White, widow of John White, deceased, objected to the petition on the ground that, as the ground rents were redeemable, they were personal property and not real estate, and hence not the subject of partition.

The case was heard on petition and answer.  STEWART, P. J., filed the following opinion :

"By a rule of property early established and consistently followed, ground rents in Pennsylvania are regarded as real estate.   This rule was first declared in Ingersoll v. Sergeant, 1 Wh. 350, and it has been adhered to in all subsequent adjudications, with respect to this species of property, without any departure or variation.   These adjudications were with reference to ground rents differing from those now under consideration in but a single particular.   By the terms of the instruments under which these earlier rents were created, the grantee had the right to extinguish them, by paying the grantor the capitalized sum of the annual charge upon a day certain, or within a fixed period.   His failure to exercise this right made the rent irredeemable thereafter.   The rents in the present case are payable in half-yearly payments "in every year hereafter, forever;" but are redeemable by the grantee "at any time hereafter," by payment of the principal sum.   Under this covenant the grantee can never be in default with respect to such payment, for it remains optional with him to make it; and hence though by its terms it runs forever, it is yet a redeemable rent, and not repugnant to our recent legislation forbidding perpetual or irredeemable rents.

"It is urged by those who oppose this proceding on behalf of the widow of the decedent, that this difference however is so radical, that it changes the character of the estate in the rent; that when redeemable it is not realty, but personalty, a debt charged on the land.

"A sufficient answer to this is found in the fact that the circumstance of these rents being or becoming irredeemable did not contribute in the least in fixing their character as real property.   What determined that was the conclusion reached by the court that they were a rent service, as distinguished from a rent charge.   That they were the subject of an estate of inheritance resulted necessarily from this decision.   And this estate is not changed by the fact that it is subject to be redeemed at the option of the grantee of the land, any more than real estate ceases to be real estate when its owner contracts to give another the option of the purchase.   Indeed such a contract will illustrate this case with respect to that feature of it we are asked

to consider.   The real estate which is the subject of the option remains real estate until the option is exercised.   The rule as stated by Pomeroy in his Eq. Juris., p. 132, vol. 3, is, " that in contracts of sale upon the purchaser's option, the question whether or not a conversion is effected at all, cannot of course be determined until the purchaser exercises his option; but the moment when he does exercise it, the conversion as between the parties claiming title under the vendor relates back to the time of the execution of the contract."   It is discussed at length in Kerr v. Day, 14 Pa. 112, and there unqualifiedly applied.

" What we are called upon to decide is the present character of these rents.   The grantor is dead, intestate as to them; the grantee as yet has not exercised his option of purchase; they continue real estate for purposes of descent until he does. What they may become by payment of principal hereafter it is not necessary now to inquire.   Sufficient unto the day.   And now April 23, 1894, rule absolute; inquest awarded."

*Error assigned* was above decree.

*W. Rush Gillan, Hastings Gehr* with him, for appellant.— A ground rent does not differ from interest on a mortgage.   It is but a debt, which cannot be real estate: Act of April 22, 1850, P. L. 553; act of April 15, 1869; P. L. 47; Palairet's App., 67 Pa. 479; Shollenberger v. Brinton, 52 Pa. 40; Airst's Est., 147 Pa. 321; Sikes v. Lister, 5 Vin. Abr. 561, P. L. 28; Baden v. Pembroke, 2 Vern. 213; Kerr v. Day, 14 Pa. 114.

*T. M. Daly*, for appellee, was not heard, but cited in his printed brief: Shollenberger v. Brinton, 52 Pa. 42; Ingersoll v. Sergeant, 1 Wh. 337; Bosler v. Kuhn, 8 W. & S. 185; Hipple v. Rice, 28 Pa. 412; Cobb v. Biddle, 14 Pa. 444; Sellers v. Burk, 47 Pa. 344; Davis v. Ehrman, 20 Pa. 256; Ayres v. Watson, 57 Pa. 360; Caverow v. Life Ins. Co., 52 Pa. 287; Weidner v. Foster, 2 Penrose & Watts, 26; Ex parte Peneveyre, 6 W. & S. 446; Conard's App., 33 Pa. 47; Irwin v. Bank. 1 Pa. 349.

PER CURIAM, April 1, 1895:

The learned president of the orphans' court rightly held that

for the purpose of distribution the ground rents in question must be treated as realty and therefore subjects of partition. It is not our purpose, nor is it at all necessary, to add anything to what has been so well said by him in support of that position.

On his opinion, the decree is affirmed and appeal dismissed with costs to be paid by appellant.