## Moran *v.* Munhall, Appellant.

*Deed—Deed absolute—Trust and trustees—Mortgage—Oral contract—Acts of April 22, 1856, P. L. 532, and June 8, 1881, P. L. 84.*

Where an absolute deed of real estate is made by a debtor to a creditor, and it is the intention of the parties that the deed shall extinguish the debt, and that the creditor may convey the land to whomsoever he chooses, but an oral agreement is made between the parties at the time, that the property shall be sold, that both parties shall use their best efforts to make a sale, and that any surplus remaining after the creditor is paid in full shall be paid to the debtor, the debtor is entitled to collect such surplus after a sale of the land, by an action of assumpsit. Such a parol agreement does not convert the actual deed into a mortgage under the Act of June 8, 1881, P. L. 84, nor into a trust under the Act of April 22, 1856, P. L. 532.

Reargued Jan. 27, 1902. Appeal, No. 127, Oct. T., 1901, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1900, No. 721, on verdict for plaintiff, in case of Patrick Moran v. Annie M. Munhall and R. J. Munhall, Administrators of Michael Munhall, Deceased. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for money had and received for plaintiff's use. Before FRAZER, P. J.

At the trial the jury returned a verdict for plaintiff for $4,310.33, subject to the question of law reserved, whether there is any evidence which entitles the plaintiff to recover. On a motion for judgment non obstante veredicto, FRAZER, P. J., filed the following opinion:

The verdict in this case was in favor of plaintiff, subject to the question of law reserved, to wit: " whether there is any evidence which entitles the plaintiff to recover." The plain-

tiff's testimony showed that on September 21, 1896, he being the owner of a lot of ground situate in the twentieth ward of the city of Pittsburg, having a front of sixty feet on Fairmount avenue, and extending back 162 feet to an alley, upon which was erected a two and one half story brick dwelling house, conveyed the same to Michael Munhall, by a deed absolute upon its face, the consideration named being $10,100; that the amount expressed in the deed as the consideration was made up as follows : Mortgage in favor of Pennsylvania Company for Insurance on Lives, etc., $8,000; note of plaintiff held by defendant, $1,500, and note given at the time by defendant to plaintiff for $600, payable in one and one half years after date; that the title to the property remained in the name of Mr. Munhall until August 1, 1899, when he sold and conveyed it to Charles H. Stolzenbach, for the sum of $16,000. It further appeared that plaintiff and his family continued to occupy the premises until after the sale to Stolzenbach without paying rent therefor to Munhall; that during the time he did, however, pay part of the interest due on the mortgage of the Pennsylvania Company for Insurance, etc., the city and county taxes, assessed against the property for the years 1896 and 1897, laid a flagstone sidewalk on Fairmount avenue, paid same insurance, and made certain repairs to the house, the aggregate of these payments being $1,252.97.

The testimony also showed that, at the time of the conveyance to Munhall, it was understood and agreed between Munhall and Moran that the property was to be sold as soon as possible, and any surplus remaining after payment of all amounts due Munhall should be paid by Munhall to Moran ; that both Munhall and Moran were active in their efforts to secure a purchaser, and that after the sale was made to Stolzenbach, Munhall sent to Moran the sum of $500, which sum Moran says was to be credited on the amount due him. After deducting from the $16,000 paid by Stolzenbach, the Pennsylvania Company's $8,000 mortgage, Munhall's claims against Moran and all payments made on account of the property by Munhall while he held title to it, there remains a balance of $3,923.84 in excess of the consideration of $10,100, named in the deed from Moran to Munhall. This amount Moran claims is due him under his agreement with Munhall, and this suit was brought to recover

the same. Mr. Munhall having died since the beginning of this suit, the testimony of the plaintiff and his wife was in the shape of depositions taken upon a rule, during the lifetime of Mr. Munhall. The defendants offered no testimony, but claimed that the Act of June 8, 1881, P. L. 84, which provides that a defeasance to an absolute deed to be effectual must be in writing, is a bar to plaintiff's right to recover, and asked for binding instructions. It seems to us that act does not apply to this case. There is no effort here to turn the absolute deed into a mortgage, neither was it contended by plaintiff that the deed was meant as a security for the payment of the indebtedness due by Moran. On the contrary, his claim is, that upon the execution of the deed, the indebtedness was canceled. There was no understanding to reconvey or hold the premises in trust for plaintiff. The property was to be sold as soon as possible, and to that end each party was to exert himself, and, in the event of a sale for a sum in excess of an amount sufficient to pay all of Munhall's claims against the property, the surplus was to be paid over to Moran, for the purpose of enabling him to pay other individual creditors. With that understanding the conveyance was made to Munhall.

It seems to us that the property was purchased by Munhall, not because he wanted it, but for the purpose of protecting himself and also of assisting his friend Moran, who was at the time in financial distress; and to that end, and also as an inducement to plaintiff to exert himself in procuring a purchaser, plaintiff was to receive all surplus above Munhall's outlay. He was also to occupy the premises until a sale could be made, and pay all, or, at least, a portion of the interest, taxes, insurance and expenses chargeable to the property. The note for $1,500 of plaintiff, which Munhall held, was canceled and delivered up. Under these circumstances we think we are justified in reaching the conclusion that the act of 1881 is not applicable to this case, and that plaintiff is entitled to recover. This conclusion we think is in line with the principles laid down in Goodwin v. McMinn, 193 Pa. 646.

And now, July 20, 1901, it is ordered that judgment be entered on the verdict.

*Error assigned* was in entering judgment on the verdict.

*W. A. Way*, for appellants.—The plaintiff is seeking to convert an absolute deed into a mortgage, contrary to the provisions of the Act of June 8, 1881, P. L. 84 : Huoncker v. Merkey, 102 Pa. 462; Null v. Fries, 110 Pa. 521 ; Lance's App., 112 Pa. 456 ; Danzeisen's App., 73 Pa. 65 ; Harper's App., 64 Pa. 315.

If this transaction does not amount to a mortgage, it does amount to an attempt to enforce a trust in real estate, which under the provisions of the 4th section of the Act of April 22, 1856, P. L. 532, must be in writing : Gaines v. Brockerhoff, 136 Pa. 175 ; Barry v. Hill, 166 Pa. 344; Williard v. Williard, 56 Pa. 119 ; Watson v. Watson, 198 Pa. 234 ; Braum v. First German Evangelical Lutheran Church, 198 Pa. 152.

The evidence does not rise high enough to convert this deed into a mortgage or a deed of trust : Goodwin v. McMinn, 193 Pa. 646 ; Burr v. Kase, 168 Pa. 81 ; Rankin v. Simpson, 19 Pa. 471 ; Nicolls v. McDonald, 101 Pa. 514 ; Umbenhower v. Miller, 101 Pa. 71 ; Burger v. Dankel, 100 Pa. 113.

*A. V. D. Watterson* and *A. B. Reid*, for appellee.—There was neither a mortgage nor a trust involved in this transaction. The relation between the parties was one of ordinary contract: Lance's App., 112 Pa. 467; Lacy v. Kynaston, 2 Salk. 575 ; Simmons v. Ins. Co., 8 W. Va. 474; Wilson v. Pearl, 12 Pa. Superior Ct. 66; Holmes's App., 79 Pa. 279 ; Jack v. Dougherty, 3 Watts, 151; Audenreid's App., 89 Pa. 114 ; Schotte v. Meredith, 192 Pa. 159.

Parol evidence is admissible to show that an additional consideration is to be paid by grantee from a subsequent sale made by him, or upon the happening of a contingency not specified in the deed : Clark v. Deshon, 66 Mass. 589 ; Nickerson v. Saunders, 36 Me. 413 ; Kickland v. Menasha Wooden-Ware Co., 68 Wis. 34 (31 N. W. Repr. 471) ; Rabsuhl v. Lack, 35 Mo. 316 ; McConnell v. Brayner, 63 Mo. 461; McKinster v. Babcock, 26 N. Y. 378.

The act of 1881 does not forbid the proving of a contemporaneous parol agreement for the payment of an additional consideration not mentioned in the deed. It is the reduction of the deed into a mortgage which it forbids : Molly v. Ulrich, 133 Pa. 41.

OPINION BY MR. JUSTICE DEAN, January 5, 1903 :

This case has been twice argued and we have given it most thorough consideration. We have endeavored to arrive at a decision which will accord with the facts and avoid stretching the statutes of April 22, 1856 and that of June 8, 1881, to a case they were never intended by any reasonable interpretation to cover. The facts as narrated in his opinion by the learned judge of the court below are as follows : Patrick Moran was the owner of a lot of ground in the city of Pittsburg, having thereon erected a brick dwelling house. This property he conveyed on September 21, 1896, to Michael Munhall for the consideration of $10,100. This consideration was made up as follows : mortgage to the Pennsylvania Company, $8,000 ; note of Moran held by Munhall, $1,500 ; note given same day by Munhall to Moran, $600. The title taken by Munhall remained in him until August 1, 1899, when he sold and conveyed the property to Stolzenbach for the consideration of $16,000. Up until that date Moran remained in possession without paying rent, but paying the taxes and keeping up repairs, paid insurance and for improvements, the whole amounting to $1,252.97. At the time the deed was delivered it was agreed orally, between Moran and Munhall, that the property should be sold as soon as possible ; that both would use their best efforts to make a sale and any surplus remaining after Munhall was paid in full should be paid to Moran. After the sale was made to Stolzenbach, Munhall sent to Moran $500, but refused to make any further payment. Deducting this from the amount of Stolzenbach's purchase money left a balance of surplus in Munhall's hand of $3,923.84. This amount Moran claims as still payable to him under his oral agreement and he brought this action of assumpsit.

It seems to us, this transaction did not constitute a trust under the act of 1856. It was simply a contract debt ; the amount of the debt would be measured by the amount of the consideration paid, on a sale of the property by Munhall ; but he did not hold, nor agree to hold the property in trust for Moran and pay to him the proceeds of sale. After the deed was delivered to Munhall, the latter held it entirely free from any claim of Moran, and Munhall could sell and convey to whomsoever he chose. Any claim Moran had under the oral agreement could

be enforced only, in an action of assumpsit entirely independent of the conveyance. The conveyance absolutely extinguished the debt due from Moran to Munhall. The conveyance was a payment of that indebtedness. The transaction has no mark of a trust. The remarks of Justice FELL in Miller v. Schriver, 197 Pa. 191, a transaction like to the one before us, are pertinent :

" The deed is absolute on its face, and by it the grantor parted with his whole interest legal and equitable, and no one but the grantee took any interest. It does not create a trust ; and neither in the facts alleged in the bill nor in the writings, is there any intention to create a trust for anyone. The grantee extinguished the debt due him and assumed a personal liability to apply the balance of the purchase money to the payment of liens against the property and certain other debts of his grantor."

It is clearly distinguishable from the case of Watson v. Watson, 198 Pa. 234, wherein Justice MESTREZAT in delivering the opinion of the court says :

" We then have the plaintiff showing that by a parol agreement the defendant agreed to take and hold the property not in fee simple and solely for his own use as the deed made to him by direction of his former cotenants declares, but in trust for them."

" The effect, therefore, of the evidence offered was to establish a parol trust in the defendant in favor of his former cotenants. This is expressly forbidden by the 4th section of the act of April 22, 1856."

Munhall was not to take and hold the property for his own debt or in trust for any purpose. It was his to do what he pleased with. But then comes in the oral contract, if he sells it for more than the $10,100 he promises to pay the excess to Moran. Nor was the transaction a mortgage, a deed absolute on its face with an unrecorded defeasance and thus coming under the inhibition of the act of 1881. That act says :

" No defeasance to any deed for real estate, regular and absolute upon its face made after the passage of this act, shall have the effect of reducing it to a mortgage, unless the said defeasance is made at the time the deed is made and is in writing, signed, sealed, acknowledged and delivered by the grantee

in the deed to the grantor and is recorded in the office for the recording of deeds and mortgages in the county wherein the lands are situated, within sixty (60) days from the execution thereof; and such defeasances shall be recorded and indexed as mortgages by the recorder.

The parol agreement in no event contemplates a reversion of the property to Moran. Munhall may absolutely violate his agreement but Moran cannot have recourse to the property to enforce his liability. A defeasance is thus defined by Blackstone, 3 Com. 227, " A collateral deed made at the same time with a feoffment or conveyance containing certain conditions upon the performance of which the estate then created may be defeated or totally undone."

Then in Lances's Appeal, 112 Pa. 467, this is said : " A mortgage is essentially a pledge or a security, and it is distinguishable from a trust in this only, that the property described in it is to revert to the mortgagor on the discharge of the obligation for the performance of which it is pledged."

By the agreement here, in no event was the estate granted by the deed to be defeated in whole or in part or in the least diminished; nor upon any contingency was it to revert to the grantor. A sale would fix the surplus over and above the consideration named in the deed and the oral promise fixed his liability for that amount.

But the agreement, whether Munhall paid or refused to pay the excess, did not change the estate which passed by the deed. By no fair construction, then, can the agreement be held an unrecorded defeasance under the act of 1881. Therefore the judgment by the court below on the verdict ought to be affirmed and it is affirmed accordingly.