# Bank of Commerce, Appellant, *v*. Peace.

*Deed—Mortgage—Defeasance—Ground rent—Lien—Judgment.*

Where the owner of a ground rent of the face value of three thousand dollars makes an absolute conveyance of it to another for the sum of two thousand dollars in cash, and the grantee agrees to re-sell the ground rent if he has an opportunity, and to pay to the grantor any surplus over the two thousand dollars, and subsequently the grantee re-sells the ground rent at an advance and pays over the surplus to the grantor, he will not be liable to account for such surplus, in the absence of fraud, to a judgment creditor of the grantor who had obtained his judgment subsequently to the grantor's conveyance.

Argued Dec. 16, 1904.    Appeal, No. 183, Oct. T., 1904, by plaintiff, from decree of C. P., No. 4, Phila. Co., Dec. T., 1903, No. 3090, dismissing bill in equity in case of Bank of Commerce of Louisville, Ky. v. Philip P. Peace and Rowland Evans.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Bill in equity for an account.

AUDENRIED, J., found the facts to be as follows:

On January 15, 1902, Evans lent Peace $2,000 and took from him an assignment of a certain ground rent, upon the parol agreement that he would sell the ground rent and, having deducted from the proceeds of its sale the amount of his advances, pay over the balance thereof to Peace.    On March 20, 1902, Evans advanced Peace the further sum of $500, against the price that the ground rent would bring when sold.    On April 23, 1902, the Bank of Commerce, of Louisville, obtained a judgment against Peace for $10,193.30 in an action of assumpsit begun in this county January 4, 1902, but of whose pendency neither Peace nor Evans was aware when the ground rent was conveyed from the former to the latter.    When that conveyance was made, Evans had no knowledge of the bank's claim against Peace.

On February 13, 1903, the ground rent was sold by Evans for the price of $3,000.    Out of this money he repaid to himself the $2,500, which he had advanced to Peace and the $30

644    BANK OF COMMERCE, Appellant, v. PEACE.

which he had expended in connection with the conveyance, and then turned over to Peace the remaining $470.

The court entered a decree dismissing the bill.

*Error assigned* was decree of the court dismissing the bill.

*Thos. Raeburn White* and *Samuel K. Louchheim*, for appellant.—Peace had an equitable interest in the ground rent at the time of the entry of plaintiff's judgment: Yerkes v. Yerkes, 200 Pa. 419; Burkhart v. Ins. Co., 11 Pa. Superior Ct. 280; Hunter v. Anderson, 152 Pa. 386; Sweeney v. Horn, 190 Pa. 237; Irwin v. Patchen, 164 Pa. 51; Becker's Est., 150 Pa. 524.

The plaintiff's judgment became a lien upon Peace's interest in the ground rent: Carkhuff v. Anderson, 3 Binney, 4; Waters's App., 35 Pa. 523; Drysdale's App., 15 Pa. 457; Krause's App., 2 Whar. 398; Champlin v. Williams, 9 Pa. 341.

Mr. Evans was bound to discharge the plaintiff's lien before paying any of the money which he received for the ground rent over to Mr. Peace, and is responsible to the plaintiff for his failure to do so: Dearle v. Hall, 3 Russell (Eng.), 1; Phillips's Est., 205 Pa. 515; Drysdale's App., 15 Pa. 457; Bartz v. Paff, 95 Wis. 95 (69 N. W. Repr. 297); Cook v. Dillon, 9 Iowa, 407; Caldwell v. Hartupee, 70 Pa. 74; Drucker v. Rife, 16 Phila. 82; Philips v. Bank of Lewistown, 18 Pa. 394.

*R. L. Ashhurst* and *H. B. Hodge*, for appellee.

OPINION BY BEAVER, J., April 17, 1905:

The estate which the owner or holder of a ground rent has therein is well understood in Pennsylvania. The ground rent, although incorporeal, is real estate and the estate of the owner is a fee simple. It is the subject of the lien of a judgment and may be mortgaged by the holder. The general subject is fully discussed in Ingersoll v. Sergeant, 1 Whar. 337. See White's Estate, 167 Pa. 206.

These general propositions are not in any way disputed here. The question is whether the judgment of the plaintiff against

Peace, one of the defendants, was a lien upon the ground rent conveyed by him to Evans, one of the other defendants, and that fact depends upon whether or not the conveyance by Peace to Evans was absolute as it purported to be or was subject to a defeasance which made it, in effect, a mortgage.

Peace conveyed to Evans, by deed in fee simple, a ground rent worth on its face $3,000, for a consideration of $2,000, payment of which is not denied. Subsequently to the conveyance the plaintiff obtained judgment against Peace for a large amount. It alleges that the conveyance, although absolute on its face, was in effect merely a mortgage and that Peace having an equitable estate still remaining, it was bound by the lien of the judgment and that Evans, the grantee in the deed, is bound to account to it for the value of the interest of Peace as of the date of the lien of the judgment. Inasmuch as the ground rent was sold to an innocent purchaser for full value, the plaintiff seeks, by this bill in equity, to compel Evans, to whom the conveyance was made, to account, as trustee of Peace, for the amount received by him over and above the consideration named in the deed.

The questions, as stated by the appellant, are:

"1. Whether a conveyance of real estate, made as security for a loan, coupled with a power of sale, to be exercised when an amount sufficient to pay off the advances can be realized, works a conversion of the realty into personalty, so that a judgment against the alienor will not bind his interest in the property.

"2. Whether a trustee of land is bound to account to a judgment creditor of his cestui que trust for having paid over to said cestui the proceeds of the land, with notice of the judgment."

This statement assumes too much. It practically begs the question. It assumes, first, that the conveyance by Peace to Evans was merely a security for a loan; and, second, that whether that be so or no, Evans became by the conveyance a trustee for Peace and that the appellant, by virtue of his judgment, acquired the rights of the alleged cestui que trust.

The case was apparently heard upon bill and answer. The facts, together with the dates of conveyance, of the several payments made by Evans to Peace and of the judgment of the

plaintiff against Peace, are all fully set forth in the opinion of the court and there is a distinct finding that of the pendency of the suit of the plaintiff against Peace "neither Peace nor Evans was aware, when the ground rent was conveyed from the former to the latter," and that "when that conveyance was made, Evans had no knowledge of the bank's claim against Peace." This would seem to eliminate the question of fraud which, although charged in the bill, is abandoned in the argument here, the appellant's claim being limited to the amount which Evans paid to Peace, namely, $470, after the sale of the ground rent.

1. It is very clear to us that, upon the face of the transaction, the appellant had no lien upon any interest of the defendant, Peace, in the ground rent in question, for the reason that Peace had no interest whatever in the land. He made an absolute conveyance to Evans for an adequate, if not a full, consideration. The defendant, however, alleges that Evans' answer, taken in connection with the conveyance, amounts to a defeasance and that Peace, therefore, had an equitable or contingent interest in the land itself, and this leads us to the other proposition involved.

2. Did the verbal arrangement between Peace and Evans amount to a defeasance, or did Evans hold the land as a trustee for Peace? We are unable to see that Evans' answer sustains either of these propositions. He says, in the second paragraph of his answer:

"Mr. Peace was in urgent need of money, and as I, as his attorney, had had charge of the collection of said ground rent for several years past, early in January, 1902, he expressed to me his desire to raise some money by a sale or mortgage of said ground rent. To meet his need and, without the slightest knowledge of even the existence of the plaintiff's claim or suit, I agreed to make him a present advance of $2,000 on said ground rent and to take from him an absolute assignment of said ground rent, with the understanding that I should sell said ground rent when I had an opportunity of doing so, and pay to him any surplus over the amount of my advance of $2,000. It was probably for this reason that the amount of $2,000 was put in the conveyance instead of $3,000, the par value of the ground rent, although, as above mentioned, it was

agreed between us that I should pay to Mr. Peace the surplus over my advance when I should sell the ground rent. On March 20, 1902, I made Mr. Peace a further advance of $500 on the security of said ground rent. I subsequently sold the ground rent in question to Allen Evans and conveyed the same to him by deed dated February 18, 1903. The said Allen Evans paid me in cash at the time of the conveyance the full consideration money stated in the deed—$3,000. From this amount I repaid to myself the original advance of $2,000 made by me to said Peace January 15, 1902, the subsequent advance of March 20, 1902, of $500 and deducting the expenses of conveyance, amounting to $30.00, I paid over the balance of the said consideration money—$470—to the said Philip P. Peace on or about February 18, 1903. This transaction was in every way bona fide, honest and fair; there was no fraud therein on Mr. Peace or any of his creditors. The consideration paid by Allen Evans was all paid to Philip P. Peace as it was my duty so to pay it. The first $2,500, being my repayment of my previous advances, and the last sum of $470 was at once at the time of the sale of the ground rent paid over to Mr. Peace."

The title to this ground rent was, therefore, absolute in Mr. Evans and he was under no obligation to pay anything to Peace until it was sold. As we view the transaction, Peace could not, under any circumstances, have secured a reconveyance for the reason that he had no interest whatever in the ground rent itself, and Evans had no claim upon Peace for the money advanced except the ground rent itself. The obligation of Evans to pay him the balance over and above what he advanced was purely personal.

The transaction is, as we view it, similar in its general features to that in Moran v. Munhall, 204 Pa. 242, the syllabus of which, fully and fairly representing what is therein decided, is that: " Where an absolute deed of real estate is made by a debtor to a creditor, and it is the intention of the parties that the deed shall extinguish the debt, and that the creditor may convey the land to whomsoever he chooses, but an oral agreement is made between the parties at the time that the property shall be sold, that both parties shall use their best efforts to make a sale, and that any surplus remaining after the creditor is paid in full shall be paid to the debtor, the debtor is entitled

to collect such surplus after a sale of the land, by an action of assumpsit. Such a parol agreement does not convert the actual deed into a mortgage under the Act of June 8, 1881, P. L. 84, nor into a trust under the Act of April 22, 1856, P. L. 532."

As between Evans and Peace, it seems to us that Evans could not have set up the oral agreement as a defeasance, void, because it was not in writing, nor yet that he held the ground rent as a trustee, and that the trust attempted to be created by the oral agreement was void because it was not in writing. By his verbal agreement, he was bound to pay to Peace, upon the sale of the ground rent, whatever balance remained, after the payment of the money which he had advanced, and this agreement could have been enforced in an action of assumpsit. If this be so, as between Peace and Evans, we cannot see how it assumes any different aspect when it is endeavored to be enforced by Peace's creditor. If between the time of the sale of the ground rent and the payment of the balance to Peace the appellant had issued an attachment execution, he would undoubtedly have secured the money in Evans' hands belonging to Peace, but we are unable to see how it could have been reached by the plaintiff in any other proceeding.

In this view of the case, it is unnecessary to consider the doctrine of equitable conversion, so fully and ably discussed in the appellant's argument.

The decree of the court below is affirmed and the appeal dismissed, at the cost of the appellant.