WINGENROTH, Appellant, *v.* DELLENBACH.

## Wingenroth, Appellant, *v.* Dellenbach.

*Equity—Jurisdiction—Remedy at law—Parol agreement to reconvey—Deed—Mortgage—Trust and trustees.*

Where a mortgagor in arrears for interest conveys the mortgaged premises to the mortgagee without any reservation in the deed, or other writing between the parties, and the mortgagee conveys the premises to a relative without consideration, and the mortgagor subsequently files a bill against the mortgagee and his grantee for a reconveyance on the; ground that when the deed was made there was a parol agreement that the mortgagee might redeem within a year on payment of principal and interest, and that she had offered to do so, the bill will be dismissed, because (1) under the Act of April 22, 1856, P. L. 532, no trust could be enforced, and (2) the plaintiff had an adequate remedy at law for the breach of the alleged parol agreement. Moran v. Munhall, 204 Pa. 242, distinguished.

Argued Nov. 6, 1907. Appeal, No. 60, Oct. T., 1907, by plaintiff, from decree of C. P. No. 3, Allegheny Co., May T., 1901, No. 507, dismissing bill in equity in case of Nora E. Wingenroth v. Edward H. Dellenbach, George C. Dellenbach and Anna M. Dellenbach, wife of George C. Dellenbach. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for a reconveyance.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.—The court had jurisdiction of the bill: Bierbower's Appeal, 107 Pa. 14; Brush Electric Co.'s Appeal, 114 Pa. 574; Warner v. McMullin, 131 Pa. 370.

*W. B. Rodgers*, for appellees, cited: De Douglas v. Traction Co., 198 Pa. 430; Johnston v. Patterson, 114 Pa. 398; Weller's Appeal, 103 Pa. 594; Lett v. Kunkle, 178 Pa. 273.

OPINION BY MR. JUSTICE STEWART, January 6, 1908:
The plaintiff, Nora E. Wingenroth, was the owner of cer-

tain real estate in the city of Pittsburg, on which there was a mortgage for $10,000 in favor of Edward H. Dellenbach, one of the respondents. There were arrearages of interest on the mortgage amounting to $1,886. On September 11, 1900, she conveyed the property to Dellenbach, the mortgagee, who four days thereafter conveyed it to Anna M. Dellenbach, the wife of his brother, George C., without consideration. The plaintiff sought by the bill filed in this case to have the present holder of the legal title adjudged trustee with respect to the property, and to compel a conveyance of the same to her, on the ground that she had conveyed to Edward H. Dellenbach, the holder of the mortgage, under an agreement with him, that she was to have the privilege of redeeming it at any time within a year by paying the mortgage indebtedness. The bill avers that within the year the plaintiff offered to pay to the grantee the amount of the mortgage, debt, interest and costs, and that the offer was refused, and charges that the deed from plaintiff to Edward H. Dellenbach, and from the latter to Anna M. Dellenbach, the present holder of the legal title, were both fraudulently obtained. With respect to the original transaction the court finds that the plaintiff produced much testimony on the hearing in support of the averments in her bill, but declined to pass upon the question whether the agreement set up by the plaintiff and denied by the defendants, was actually made and entered into, on the ground that if such agreement were established, plaintiff's remedy would be by an action at law for its breach ; that since plaintiff's deed to Dellenbach being absolute on its face, contained no reservation of any interest in the grantor, no trust in connection therewith could be derived, because of the requirements of the Act of April 22, 1856, P. L. 532. He therefore dismissed the bill. Plaintiff on this appeal makes no contention that any enforceable trust existed between the parties, or that the alleged contract could operate as a defeasance, but insists that because of the finding by the court that the plaintiff had offered much testimony to establish the averments in her bill, to the effect that statements and representations were made to plaintiff by defendant " constituting an agreement by them that she could redeem the property in one year from the date of the deed, and that she could have that time to sell

the same and receive a surplus over and above their debt, interest and costs, and that under such agreement she had executed the deed," etc., the court should have gone further and given the relief prayed for, inasmuch as said relief could only be complete, convenient and adequate through equity. This raises the only question we have to consider.

The present case can readily be distinguished from the case of Moran v. Munhall, 204 Pa. 242, on its facts, but the principal distinguishing feature between the two cases lends little, or rather no, support to the contention here made, that through a common-law action this appellant could not have as complete and adequate a remedy as the plaintiff there had. In that case—an action in assumpsit— an agreement not unlike that here alleged, in connection with the conveyance from a debtor to creditor was shown ; but the grantee had sold and conveyed the property for a sum in excess of the indebtedness, and it was this excess that the plaintiff was allowed to recover in the action. Here the property remains unsold, and, because of this distinction in fact, it is argued that the only remedy plaintiff could have must be through equity to recover back the property. But how does this follow? In the case referred to the plaintiff's right to recover was not made to rest on the fact of a sale of the property ; the amount realized on the sale simply determined the measure of plaintiff's damages, and the fact of the sale merely indicated when the right of action commenced. In the present case, taking the agreement alleged to be established, plaintiff's right of action began with the refusal of Dellenbach to accept her offer to pay the indebtedness due on the mortgage. Her damages could be measured just as readily, if not as accurately, from the market value of the property at the time, as from a cash price actually obtained. Nothing that has been suggested would interfere to prevent full and adequate compensation for the plaintiff's disappointment through a common-law action. There being no trust here to be enforced, whatever claim plaintiff may have sounds in damages, and for the recovery of these an action at law is the only proper proceeding.

Appeal dismissed and decree confirmed.