## Crean's Estate.

Argued January 16, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Arthur S. Minster,* with him *Charles L. Smyth,* for appellant.

*Boyd Lee Spahr,* of *Ballard, Spahr, Andrews & Ingersoll,* with him *Frederick C. Newbourg, Jr.,* of *Newbourg, Butterworth & Grubb,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

In 1934 appellant filed her petition to modify a decree of the orphans' court entered in 1896, which authorized a testamentary trustee to convey real estate, reserving a yearly ground rent of $8,000 extinguishable "at any time after fifteen years" at the option of the purchaser by the payment of $200,000. The modification prayed for was the annulment of that portion of the decree which authorized payment at any time after fifteen years and the reason assigned was that it violated the Act of June 24, 1885, P. L. 161. As stated by the court below: "The

real purpose of the petition is to procure by decree, the insertion of a new covenant in a ground rent deed whereby the terre-tenant will agree to pay the sum stipulated to be paid for the extinguishment of the ground rent reserved in the deed." The lower court upheld the decree of 1896 and dismissed the petition.

At common law there was no prohibition upon the creation of irredeemable ground rents. The Act of April 22, 1850, P. L. 549, was the first legislative restriction on them. It was construed in *Palairet v. Snyder,* 106 Pa. 227, and it was there held that the act did not prohibit ground rents irredeemable in their inception, but only those which would become irredeemable upon the failure of the vendee to comply with a condition contained in the deed wherein the same was reserved. To close the gap created by this construction of that statute, the Act of 1885 was enacted one year later. It is entitled "An act to prohibit the creation of irredeemable ground rents and to prevent ground rents from becoming irredeemable and nonextinguishable." It provides: (a) That no irredeemable or nonextinguishable ground rent shall be created; (b) That the omission to provide for redemption shall not be construed to make it irredeemable; (c) That the failure to pay the principal sum at the time mentioned in the deed shall not make it irredeemable; (d) That the period for extinguishment shall not be postponed longer than twenty-one years or a life or lives in being; (e) That the owner of the land may pay the principal of the rent at the time fixed by the deed or by the act or at any time thereafter; and (f) That in case there is no principal sum fixed for extinguishment, the rent may be extinguished by the payment of such sum as will produce the yearly interest at the legal rate in effect at the time of the reservation.

The act prohibits ground rents irredeemable in their inception or ground rents which might become irredeemable upon the failure to comply with a condition. But a ground rent is irredeemable not because it may

exist perpetually, but because there is no option or right in the grantee or his successors to redeem or retire the ground rent by its payment. Where the right of redemption is given, the ground rent is redeemable. The right cannot be postponed beyond twenty-one years. Within that time the right to pay the ground rent must accrue to the grantee or his successors and it must continue thereafter without limit of time. Here the deed fixed fifteen years as the time when the right accrued. Thereafter the grantee might pay. The deed in question created a redeemable ground rent. As stated by this court in *John White's Estate, Martha White's App.,* 167 Pa. 206, 207, ". . . though by its terms it runs forever, it is yet a redeemable ground rent, and not repugnant to our recent legislation forbidding perpetual or irredeemable ground rents."

The act does not make it mandatory on the grantee to pay the principal sum at any time nor does it state that the ground rent must be redeemed within the time limit set forth. The act only provides that the power to redeem shall not be withdrawn from the grantee or his successors beyond the period fixed by statute. Thereafter, in the absence of a covenant to pay, while the owner of the rent cannot demand payment, yet he cannot refuse it. The act was in aid of the grantee and his assigns, not the owner of the ground rent.

The deed before us does not contain any covenant by the grantee to pay the principal of the ground rent. Unless such covenant to pay the principal sum exists in the ground rent deed there is no right on the part of the ground rent owner to enforce its payment. The deed which conveyed the title to the real estate did contain a covenant to pay this ground rent as well as other covenants. We have no power to insert a covenant imposing a contractual obligation not undertaken by the deed. There is no covenant compelling the tenant to pay a stipulated sum extinguishing the ground rent on a fixed date and we cannot write such a covenant into the deed.

220

The decree of the court below made in 1896 authorizing the conveyance, as contained in the deed, did not violate any statute.

The decree is affirmed at appellant's cost.