In re Girard Trust Company, Executor, et al.

*Wintersteen, McCoy & Wintersteen; Saul, Ewing, Remick & Saul; Townsend, Elliott & Munson;* and *Morgan, Lewis & Bockius,* for appellants.

*Edward S. Morris,* for Commonwealth.

FLOOD, J., March 15, 1939.—In these cases appeals have been taken from the assessment of taxes upon ground rents held by appellants. The taxes were assessed under the Act of May 18, 1937, P. L. 633, 72 PS §3242, which added ground rents to the subjects of taxation under the State Personal Property Tax Act of June 22, 1935, P. L. 414. The pertinent part of this act reads as follows:

"All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident . . . is hereby made taxable, annually, for State purposes, at the rate of four mills on each dollar of the value thereof . . . that is to say,—

"All mortgages; all ground rents; all moneys owing by solvent debtors, whether by promissory note, or penal or single bill, bond or judgment . . . all other moneyed capital owing to individual citizens of the State; and the principal value of all annuities . . .".

The assessed ground rents were owned by appellants as trustees. In their appeal, they contend that the act is unconstitutional insofar as it purports to tax ground rents.

The act taxes ground rents held by residents of Pennsylvania. Therefore, say appellants, it purports to tax ground rents arising outside of Pennsylvania if held by Pennsylvania residents, and since ground rents are real estate, Pennsylvania cannot constitutionally tax those which arise out of lands lying outside of the State. They also attack the tax on ground rents from land within the State, contending that since such rents are not taxable if held by nonresidents of Pennsylvania, there is an illegal discrimination against resident owners of Pennsylvania ground rents.

■ It is generally considered hornbook law that ground rents are real estate, being incorporeal hereditaments. See 1 Sharswood's Blackstone's Commentaries, Book II, pp. 41, 42, 57, 299, and 1 Tiffany on Landlord and Tenant, 1009, 1029, secs. 165, 171 (1910). The cases are legion which have so stated. Ground rents have many of the incidents of real estate. For example, they descend to the heir and do not go to the executor. See White's Estate, 167 Pa. 206 (1895), and Hirst's Estate, 147 Pa. 319 (1892).

However, a practice early grew up of inserting in ground rent deeds a covenant by the grantee of the land to pay the rent reserved. The grantee then began to sign and

seal the deed in which the rent was reserved. Instead of a deed poll reserving rent to the grantor as the source of the ground rent, the normal ground rent deed today is a bilateral instrument in which the grantee promises to pay the amount of the rent. See Crean's Estate, 321 Pa. 216, 219 (1936), affirming 23 D. & C. 480, 481 (O. C. Phila., 1935), and Bantleon v. Smith, 2 Binn. 146 (1809). The ground rents before us are apparently of this type. See the deed from Mary Penn to William Fox, recorded in the Office for the Recording of Deeds in and for the County of Philadelphia, in Deed Book G. W. R. no. 13, p. 263, and referred to in the stipulation of counsel. In the early days it appears that this covenant ran with the land. See Springer, etc., v. Phillips, etc., 71 Pa. 60 (1872), Louer v. Hummel, 21 Pa. 450 (1853), and Streaper v. Fisher, etc., 1 Rawle 155 (1829). But by the Act of June 12, 1878, P. L. 205, sec. 1, 21 PS §655, all persons other than the original grantee-covenantor were relieved from personal liability for the rent unless they expressly assumed such liability: Real Estate-Land Title & Trust Co. et al. v. Philadelphia Record Co., 302 Pa. 370 (1931). So, under the law as it now stands, only the original grantee is liable for the rent (barring an express assumption by others) and it appears that he is liable only for rents accruing up to the date of his death. His estate is not liable for rents accruing thereafter: William's Appeal, 47 Pa. 283 (1864) ; Quain's Appeal, 22 Pa. 510 (1854).

We thus have a situation in which the covenant is not one of the necessary elements of a ground rent, but is an additional personal right of the holder of the rent. The covenant does not persist but dies with the death of the original covenantor, while the ground rent goes on. Therefore, we must conclude that the covenant is merely an incident by no means indispensable, and altogether insufficient to change the nature of the ground rent from realty to personalty. As Chief Justice Gibson said in Bosler v. Kuhn, 8 W. & S. 183, 185, 186 (1844) :

". . . the covenant is but an accessory, the rent being the principal." In the same case he said also: "our ground-rent is an ordinary rent service. . . . A rent service is not a debt; and a covenant to pay it is not a covenant to pay a debt: it is a security for the performance of a collateral act."

The only case cited as being contrary to this conclusion is Pennsylvania Co., etc., v. Commissioner of Internal Revenue, 52 F.(2d) 601 (C. C. A. 3d, 1931). This was decided, however, under the Federal income tax law in a situation where the difference between the real and personal estates was not significant. The question there was whether the ground rent was part of the price of the ground sold, and its nature as real estate was, as the court wrote, "wholly apart from the income tax question . . . involved".

■ Since ground rents are real estate, the Commonwealth of Pennsylvania is prevented by the Fourteenth Amendment to the Federal Constitution from taxing such of them as arise out of lands in England, Delaware, and anywhere else outside Pennsylvania's boundaries. See Senior v. Braden et al., 295 U. S. 422 (1935), Safe Deposit & Trust Company of Baltimore v. Commonwealth of Virginia, 280 U. S. 83 (1929), and Louisville & Jeffersonville Ferry Co. v. Kentucky, 188 U. S. 385 (1903). So, insofar as the amendment of 1937 purports to tax ground rents arising outside the State, it must be held to be unconstitutional and inoperative.

■ As to ground rents arising from land within Pennsylvania, the act taxes only such as are owned, held, or possessed by residents. Those owned or held by nonresidents are exempt. In other words, we have a single class of Pennsylvania real estate, taxed if owned by residents, untaxed if owned by nonresidents. We cannot attribute to the legislature so unlikely an intention. The tax must have been laid only because the legislature believed that a ground rent was personalty. It cannot, in our opinion, be presumed that the legislature, with the tax stricken

down as to foreign ground rents because they are real estate, would have enacted the amendment so as to apply only to resident-held local ground rents. So the tax must be held wholly void, even though there be a severability clause: Kelley et al. v. Kalodner et al., 320 Pa. 180, 188 (1935) ; Commonwealth ex rel. et al. v. Brown et al., 327 Pa. 136, 144 (1937).

It is probable that the tax on residents only is void for another reason. The United States Supreme Court has indicated that a State has no power under the fourteenth amendment to tax land or interests in land situate within the State in any other manner than by uniform rule according to value: Senior v. Braden et al., supra, at page 429.

The Constitution of Pennsylvania, art. IX, sec. 1, provides that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax". It would seem that this would prohibit a tax upon ground rents held by residents, while those held by nonresidents go free: Harleigh Realty Company's Case, 299 Pa. 385, 389 (1930) ; Appeal of Fox et al., 112 Pa. 337, 352 (1886). But see Kittanning Coal Co. v. Commonwealth, 79 Pa. 100 (1875).

■ The Commonwealth points out the great similarity between ground rents and purchase money mortgages. The one distinction, in substance, is that the owner of the ground rent cannot compel payment of the principal. And it may be conceded that many ground rents even contain a clause giving the holder this right. In practical effect they are so nearly identical that it seems difficult to justify different treatment for purposes of taxation or otherwise.

As a matter of fact mortgages have for many purposes been treated as real estate. See e. g., Dubin v. Philadelphia et al., 34 D. & C. 61, 66-72 (C. P. 6, Phila., 1938). But they have more often, and for more purposes, been treated as personal property. See Lloyd, The Mortgage Theory of Pennsylvania, 73 U. of Pa. L. Rev. 43 (1924),

and Mortgages—The Genesis of the Lien Theory, 32 Yale L. J. 233 (1923). Taxes treating them as realty have been sustained. See Savings & Loan Society v. Multnomah County, 169 U. S. 421 (1898), and Maltby v. The Reading & Columbia R. R. Co., 52 Pa. 140 (1866). But cf. Case of the State Tax on Foreign-Held Bonds, 82 U. S. (15 Wall.) 300, 323, 324 (1872). Taxes treating them as personalty have also been sustained. See Kirtland v. Hotchkiss, 100 U. S. 491 (1879), Commonwealth v. Pennsylvania Coal Co., 197 Pa. 551 (1901), and New York ex rel. v. Graves et al., 300 U. S. 308 (1937).

Why should not ground rents, so like mortgages in substance, be treated also as personalty or as hybrids? The answer to this is that in distinguishing realty from personalty "a page of history is worth a volume of logic." See Cardozo, Nature of the Judicial Process, 54, 55 (1922), quoting Holmes, J., in New York Trust Co. et al., etc., v. Eisner, 256 U. S. 345, 349 (1921). The historical difference between realty and personalty was laid hold of as one of the criteria for determining the conflicting claims of the States to tax the same property. Another might have done as well. Others are actually used. But the proposition that a State cannot tax real estate beyond its borders is now hallowed by tradition. It has apparently worked satisfactorily, and is now embedded in our law. Ground rents, historically real estate, cannot be taxed except where they originate. Mortgages, having a different history, are not so limited or protected.

The amendment of 1937, insofar as it adds ground rents to the subjects taxed under the State personal property tax, is unconstitutional. Since the assessments complained of were based upon this invalid statute, they cannot stand.

The appeals are sustained, and the assessments and reassessments by the Department of Revenue of the ground rents held by appellants are declared void and are hereby vacated.