## Westerhoff v. Farmers National Bank of Ephrata

*F. Lyman Windolph*, for plaintiff.

*K. L. Shirk*, for defendant.

SCHAEFFER, P. J., January 30, 1948.—In this action of assumpsit for breach of an alleged oral contract, preliminary objections were filed by plaintiff, and this court, in an opinion filed on July 25, 1947, reported in 50 Lanc. 483, struck certain portions from defendant's answer.

Plaintiff elected to file an amended complaint changing only paragraph 9 of the original complaint setting

forth in detail certain items of repairs, improvements and alterations to the real estate aggregating $9,505.36. In the original complaint these items were referred to as not exceeding $10,000. The pleaded facts in this case are fully set forth in the court's prior opinion.

Defendant has filed preliminary objections in the nature of a demurrer on the general ground that the amended complaint does not set forth a proper cause of action.

Plaintiff does not claim that any trust was created by virtue of the alleged oral agreement under which the factory building was conveyed or that plaintiff had any interest in the real estate at law or in equity after the conveyance.

In McBride, Admx., v. Western Pennsylvania Paper Co., 263 Pa. 345, it was decided that an oral agreement by the assignee of a judgment made in consideration of the assignment to him, that he would purchase the property subject to the lien of the judgment at sheriff's sale and divide the net profits realized on a resale of the property with the judgment debtor or his family, is not void under the statute of frauds. At page 349 of the opinion it is said:

"The contention that the contract being oral was void under the statute of frauds is equally untenable. The agreement was not to purchase and hold property in trust for the benefit of plaintiff but to divide the net proceeds or profits of the transaction with plaintiff."

In Moran v. Munhall, 204 Pa. 242, it was decided that where an absolute deed of real estate is made by a debtor to a creditor, and it is the intention of the parties that the deed shall extinguish the debt, and that the creditor may convey the land to whomsoever he chooses, but an oral agreement is made between the parties at the time, that the property shall be sold, that both parties shall use their best efforts to make a sale,

and that any surplus remaining after the creditor is paid in full shall be paid to the debtor, the debtor is entitled to collect such surplus after a sale of the land, by an action of assumpsit. In Williams et ux. v. Moodhard, 341 Pa. 273 (1941), it was held that the statute of frauds does not bar an action in assumpsit upon an oral agreement relating to the disposition of the proceeds received from the sale of real estate at a stipulated price.

Paragraph 6 of the amended complaint is as follows: "A few days prior to May 20, 1941, it was orally agreed between plaintiff and defendant, by Doctor J. F. Mentzer, its duly authorized president, that plaintiff would forthwith convey said real estate to defendant in fee simple; and that in consideration of said conveyance defendant would (a) extinguish and satisfy the debt owing to it by plaintiff, (b) make such repairs, improvements and alterations to said real estate as it saw fit and use its best efforts to sell said real estate, and (c) upon a sale of said real estate pay to plaintiff any balance or surplus remaining in its hands over and above said indebtedness of $18,500 and the amount to be expended by it for repairs, improvements and alterations."

Defendant contends that the alleged oral contract is a transaction beyond the scope of the usual duties and powers of the president of a corporation and that "to affect the company, the authorization must be plainly shown to exist, either by the minutes of the corporation or by proof of other acts and circumstances from which a legal implication of power to bind follows". Defendant further claims that the contract was without any consideration and was ultra vires. Defendant states that under such an arrangement "defendant could lose but could not win". The wisdom of a contract or its profit feature is not controlling, provided the contract is not illegal.

The complaint in paragraph 6 hereinbefore set forth expressly states that the oral contract was made between plaintiff and defendant "by its duly authorized president" and further states that the consideration was the conveyance of the real estate from plaintiff to defendant. The complaint need not set forth the evidence to sustain the material allegations in the complaint.

The court concludes that the amended complaint filed by plaintiff is sufficient.

And now, January 30, 1948, the preliminary objections filed by defendant are dismissed and defendant is directed to file an answer on the merits within 20 days.